UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TANYA KAYE BATTEN,                    Case No.: 5:18-cv-483-oc-30-PRL

    Plaintiff,

v.

BARFIELD & ASSOCIATES, LLC
and TODD L. BARFIELD,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendants, BARFIELD & ASSOCIATES, LLC, a Florida limited liability corporation and TODD L. BARFIELD ("Defendants"), by and through their undersigned counsel, and hereby answer and affirmatively defend the Complaint filed by Plaintiff, TANYA KAYE BATTEN ("Plaintiff"), as follows:

### ANSWER

1. Defendants admit the allegations asserted in Paragraph 1 of the Complaint that Plaintiff brought an "action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the 'FLSA')," and deny Plaintiff is entitled to any relief and/or damages.

2. Defendants deny the allegations asserted in Paragraph 2 of the Complaint.

3. Defendants deny the allegations asserted in Paragraph 3 of the Complaint.

4. Defendants admit the allegations asserted in Paragraph 4 of the Complaint.

5. Defendants deny the allegations asserted in Paragraph 5 of the Complaint.

6. Defendants deny the allegations asserted in Paragraph 6 of the Complaint.

*Batten v. Barfield & Associates, LLC and Barfield*
Case No. 5:18-cv-483-oc-30-PRL
Page 1 of 8

7. Defendants deny the allegations asserted in Paragraph 7 of the Complaint.

8. Defendants deny the allegations asserted in Paragraph 8 of the Complaint.

9. Defendants admit the allegations asserted in Paragraph 9 of the Complaint that "TODD L. BARFIELD holds state certified appraisal licenses" in multiple states, and deny that "Defendants regularly performed work for out of state clients."

10. Defendants admit the allegations asserted in Paragraph 10 of the Complaint.

11. Defendants deny the allegations asserted in Paragraph 11 of the Complaint.

12. Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 12 of the Complaint.

13. Defendants deny the allegations asserted in Paragraph 13 of the Complaint.

   a. Defendants deny the allegations asserted in Paragraph 13(a) of the Complaint.

   b. Defendants deny the allegations asserted in Paragraph 13(b) of the Complaint.

   c. Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 13(c) of the Complaint.

   d. Defendants deny the allegations asserted in Paragraph 13(d) of the Complaint.

   e. Defendants admit the allegations asserted in Paragraph 13(e) of the Complaint.

   f. Defendants deny the allegations asserted in Paragraph 13(f) of the Complaint.

   g. Defendants admit that "Plaintiff's pay was computed as a percentage of the jobs she would perform," and deny all remaining allegations asserted in Paragraph 13(g) of the Complaint.

   h. Defendants admit the allegations asserted in Paragraph 13(h) of the Complaint.

*Batten v. Barfield & Associates, LLC and Barfield*
Case No. 5:18-cv-483-oc-30-PRL
Page 2 of 8

i. Defendants admit the allegations asserted in Paragraph 13(i) of the Complaint, and would affirmatively state that Plaintiff was denied her trainee license due to her criminal history involving dishonesty, not because of any action or inaction by Defendants.

j. Defendants admit the allegations asserted in Paragraph 13(j) of the Complaint.

k. Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 13(k) of the Complaint.

l. Defendants admit the allegations asserted in Paragraph 13(l) of the Complaint, and affirmatively state that Plaintiff typically used her personal Gmail account for most communications.

14. Defendants deny the allegations asserted in Paragraph 14 of the Complaint.

15. Defendants repeat and reassert its answers to paragraphs 1 through 14, as if fully set forth herein.

16. Defendants deny the allegations asserted in Paragraph 16 of the Complaint.

17. Defendants deny the allegations asserted in Paragraph 17 of the Complaint.

18. Defendants deny the allegations asserted in Paragraph 18 of the Complaint.

19. Defendants deny the "undersigned counsel attempted to resolve this matter" or that there was "an unexplained threat to Plaintiff's current employer" as alleged in Paragraph 19 of the Complaint.

20. Defendants deny any allegations set forth in any WHEREFORE clause of the Complaint, and deny Plaintiff is entitled to any relief requested.

21. Any allegations in the Complaint not specifically admitted or denied above are hereby specifically denied.

*Batten v. Barfield & Associates, LLC and Barfield*
Case No. 5:18-cv-483-oc-30-PRL
Page 3 of 8

WHEREFORE, Defendants, BARFIELD & ASSOCIATES, LLC, a Florida limited liability corporation and TODD L. BARFIELD, demand this Court dismiss, *with prejudice*, the above action.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses. Any allegations raised in the affirmative defenses below are raised strictly for the purpose of defending against this instant action and should not be considered admissions of Defendants as to any factual, legal or other matters. As and for Defendants' affirmative defenses, Defendants assert the following:

## FIRST AFFIRMATIVE DEFENSE

As and for Defendants' First Affirmative Defense, Defendants assert Plaintiff has failed to sufficiently plead or properly state a cause of action upon which relief can be granted. The Plaintiff neither alleges with any specificity any factual allegations to establish the requisite elements of any action against Defendants, nor does Plaintiff set forth ultimate facts to show Plaintiff is entitled to any relief. As such, Plaintiff's claims should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

As and for Defendants' Second Affirmative Defense, Defendants assert that Plaintiff's claims, pursuant to Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), are barred as Plaintiff was, at no time was an employee of Defendants, but was retained as an independent contractor for purposes of Plaintiff obtaining appraisal experience to provide to the Florida Real Estate Appraisal Board in order for Plaintiff to obtain an Appraiser Trainee license. As an independent contractor, Plaintiff established her own entity, worked for other appraisal firms, determined and scheduled appraisals with local realtors, local businesses, and local property

*Batten v. Barfield & Associates, LLC and Barfield*
Case No. 5:18-cv-483-oc-30-PRL
Page 4 of 8

owners, Plaintiff prepared appraisal reports at her discretion for review by the licensed appraiser, and Plaintiff utilized her own vehicle, mobile phone, computer, printer, electric services, internet services, office supplies, etc., in performing these services to Defendants and the other appraisal firms with whom Plaintiff contracted.

### THIRD AFFIRMATIVE DEFENSE

As and for Defendants' Third Affirmative Defense, Defendants assert that Plaintiff's claims, pursuant to FLSA, are barred as Defendants' business does not have gross revenue of at least $500,000, nor does it have employees engaged in interstate commerce or in the production of goods for interstate commerce, or the handling, selling or otherwise working on goods or materials that have been moved or produced for interstate commerce.

### FOURTH AFFIRMATIVE DEFENSE

As and for Defendants' Fourth Affirmative Defense, Defendants assert that Plaintiff's claims, pursuant to FLSA, are barred as Plaintiff was not an employee engaged in interstate commerce or in the production of goods for interstate commerce, nor did Plaintiff directly participate in the actual movement of persons or things in interstate commerce by (1) working for an instrumentality of interstate commerce or by regularly using the instrumentalities of interstate commerce in her work, as Plaintiff's work consisted of assisting a licensed appraiser in appraising real property located only in the state of Florida.

### FIFTH AFFIRMATIVE DEFENSE

As and for Defendants' Fifth Affirmative Defense, Defendants at all times material hereto, acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

*Batten v. Barfield & Associates, LLC and Barfield*
Case No. 5:18-cv-483-oc-30-PRL
Page 5 of 8

## SIXTH AFFIRMATIVE DEFENSE

As and for Defendants' Sixth Affirmative Defense, Defendants at no time, showed reckless disregard for whether its conduct was prohibited by the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

As and for Defendants' Seventh Affirmative Defense, Defendants invoke any and all defenses, protections and limitations of the FLSA.

## EIGHTH AFFIRMATIVE DEFENSE

As and for Defendants' Eighth Affirmative Defense, Defendants assert Plaintiff's claims are barred, to the extent she seeks recovery for time that is not compensable in accordance with FLSA.

## NINTH AFFIRMATIVE DEFENSE

As and for Defendants' Ninth Affirmative Defense, Defendants are entitled to offset monies or other consideration stolen, paid, or provided to Plaintiff of which she was not entitled, or for periods in which Plaintiff was not engaged in work at Defendants.

## TENTH AFFIRMATIVE DEFENSE

As and for Defendants' Tenth Affirmative Defense, Defendants assert that Plaintiff is not entitled to liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to any liquidated damages claims or liability.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for Defendants' Eleventh Affirmative Defense, Defendants assert, without shifting the burden of proof, that Plaintiff was compensated as an independent contractor in accordance with the applicable laws governing Florida Real Estate Appraisers, as well as other applicable Florida law, for all hours worked.

*Batten v. Barfield & Associates, LLC and Barfield*
Case No. 5:18-cv-483-oc-30-PRL
Page 6 of 8

## TWELFTH AFFIRMATIVE DEFENSE

As and for Defendants' Twelfth Affirmative Defense, Defendants assert that Plaintiff's claims are estopped by the submission of her own records, for which Defendants compensated Plaintiff for all appraisal jobs in which she assisted and claimed in her records.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for Defendants' Thirteenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for Defendants' Fourteenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of waiver, estoppel and/or laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for Defendants' Fifteenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, by accord and satisfaction, settlement and/or payment and release.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for Defendants' Sixteenth Affirmative Defense, Defendants' actions were in good faith conformity with and/or on reliance upon administrative regulations, orders, rulings, approvals, interpretations or practices of the Federal Department of Labor and the Florida Department of Economic Opportunity.

*Batten v. Barfield & Associates, LLC and Barfield*
Case No. 5:18-cv-483-oc-30-PRL
Page 7 of 8

RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

The facts having not been fully developed by pleadings, Defendants reserve the right to supplement these defenses with any additional affirmative defenses that may be applicable following discovery.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record and any *pro se* parties identified on any attached Service List in the manner specified, either *via* transmission of Notice of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Counsel for Plaintiff:
Michael Massey, Esq.
Massey & Duffy, PLLC
855 E. Univ. Avenue
Gainesville, FL 32601

Respectfully Submitted,

 */s/ Linda G. Pisani*
Linda G. Pisani, Esq.
Fla. Bar No. 0011640
TROW, DOBBINS & PISANI, P.A.
1301 NE 14th Street
Ocala, Florida 34470
E-mail: linda@ocalalawfirm.com
Ofc: 352.369.8830
Fax: 352.369.8832

*Batten v. Barfield & Associates, LLC and Barfield*
Case No. 5:18-cv-483-oc-30-PRL
Page 8 of 8