## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

TANYA BATTEN,

      Plaintiff,

v.                                 CASE NO: 5:18-cv-483-JSM-PRL

TODD L. BARFIELD and
BARFIELD & ASSOCIATES, LLC,

      Defendant.

_____/

## FLSA SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case which is based on the **Fair Labor Standard Act** ("FLSA"). Therefore, consistent with the just, speedy and inexpensive administration of justice (Fed. R. Civ. P. 1), it is

**ORDERED** that the provisions of Rule 26 (a)(1) and Local Rule 3.05 (c)(2)(B) and (d) concerning the initial disclosures and filing of a case management report are hereby waived. Instead, the parties shall comply with the following schedule:

1.      No later than twenty (20) days from the date of this Order, Plaintiff(s) shall answer the Court's Interrogatories (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant(s), and file the answers with the Court entitled "Notice of Filing Answers to Court's Interrogatories."

2.      No later than twenty (20) days after Plaintiff(s) file(s) Answers to the Court's

Interrogatories, Defendant(s) shall:

A.      Serve on Plaintiff(s) and file with the Court a Verified Summary of all

hours worked by Plaintiff(s) during each relevant pay period, the rate of pay and wages paid,

including overtime pay, if any; and

B.      Serve on Plaintiff(s) (but ***not*** file) a copy of all time sheets and payroll

records that support or relate to the time periods in the Verified Summary.

3.      No later than thirty (30) days after Defendant(s) file(s) the Verified Summary,

counsel for Plaintiff(s) and Defendant(s) shall meet and confer in person in a good faith effort

to settle all pending issues, including attorneys fees and costs.[1] **No agreement, including**

**one as to attorney's fees and costs, shall be binding until approved by the Court.**

Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough,

detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

4.      No later than ten (10) days after the settlement conference, counsel shall jointly

file a Report Regarding Settlement that notifies the Court whether:  (1) the parties have

settled the case; (2) the parties have not settled but wish to continue settlement discussions

for a specific period of time; (3) the parties wish to engage in a formal mediation conference

before a specific mediator on or before a specific date; (4) the parties have exhausted all

---

[1]In the case of an individual party who is not represented by counsel, the individual shall comply
with the provisions of this Order.

settlement efforts and will file immediately a Case Management Report[2] signed by counsel

for all parties.

      5.     If the parties are able to agree on settlement in this case, they are directed to

submit the terms of the resolution of this case within fourteen (14) days from the date of the

Notice of Settlement.

      6.     The parties may consent to the conduct of all further proceedings in this case

by the United States Magistrate Judge (**consent form attached**).

      7.     Until further order of this Court, all discovery in this case is **STAYED**, except

as provided in this Order.

      8.     Either party, for good cause shown, may move to alter this schedule should

circumstances warrant.

      **DONE** and **ORDERED** in Tampa, Florida on November 20, 2018.

                            _____

                            JAMES S. MOODY, JR.
                            UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

Attachments:
Court's Interrogatories to Plaintiff(s)
Magistrate Judge Consent Form

---

[2]The CMR form is available online at http://www.flmd.uscourts.gov.  Select Judicial Info, then select District Judge James S. Moody, Jr., then select Case & Trial Management Forms.

## <u>COURT'S INTERROGATORIES TO PLAINTIFF(S)</u>

1.   During what period of time were you employed by the Defendant(s)?

2.   Who was your immediate supervisor?

3.   Did you have a regularly scheduled work period? If so, specify.

4.   What was your title or position? Briefly describe your job duties.

5.  What was your regular rate of pay?

6.  Provide an accounting of your claim, including:

   (a) dates

   (b) regular hours worked

   (c) over-time hours worked

(d) pay received versus pay claimed

(e) total amount claimed

7. When did you (or our attorney) first complain to your employer about alleged violations of the FLSA?

8. Was this complaint written or oral? (If a written complaint, please attach a copy).

9.   What was your employer's response? (If a written response, please attach a copy).

_____
(Plaintiff's Signature)

STATE OF FLORIDA
COUNTY OF _____

BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me on this _____ day of_____, 20_____.

NOTARY PUBLIC

_____
Signature of Person Taking Acknowledgment
Notary Stamp                    Print Name:
Title: Notary Public
Serial No. (if any):
Commission Expires: