**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

TANYA BATTEN,   CASE NO.: 5:18-cv-483-Oc-PRL

    Plaintiff,

v.

TODD L. BARFIELD and
BARFIELD & ASSOCIATES,
LLC,

    Defendants.

----------------------------------------/

## **FIRST AMENDED COMPLAINT**

1. Plaintiff, TANYA BATTEN, sues Defendants, TODD L. BARFIELD and BARFIELD & ASSOCIATES, LLC, and brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## **General Allegations**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

3. Defendants operate a full service commercial and residential real estate appraisal firm, including services such as special assets/REO properties, litigation, expert witness testimony, feasibility studies and

tax appeal/insurable valuations.

4. TODD L. BARFIELD holds state certified appraisal licenses according to Defendants' website in Alabama, Arkansas, Colorado, Kentucky, Louisiana, New York, North Carolina, Pennsylvania, South Carolina, and Virginia.

5. TODD L. BARFIELD is the owner and operator of BARFIELD & ASSOCIATES, LLC. Defendants' website lists him as the Managing Principal.

6. TODD L. BARFIELD was Plaintiff's boss and is an "employer" because he either: (i) exercised managerial control over a business or ran the day-to-day operations of BARFIELD & ASSOCIATES, LLC; and/or (ii) directly participated in hiring, firing, employee compensation decisions, and/or other work issues.

**Plaintiff was Employed by Defendants**

7. The FLSA defines the term "employ" as "to suffer or permit to work," 29 U.S.C.§ 203(g), which the Supreme Court has described as having "striking breadth" such that it covers "some parties who might not qualify as such under a strict application of traditional agency law principles."

8. When determining whether an entity is an employer for

purposes of the FLSA, courts must look to the economic reality of whether the putative employee is economically dependent upon the alleged employer. This inquiry is not governed by the 'label' put on the relationship by the parties or the contract controlling that relationship, but focuses on whether the work done, in its essence, follows the usual path of an employee.

9. Plaintiff was an employee of Defendants at all times relevant for purposes of the FLSA as she was economically dependent upon Defendants and worked for Defendants in Marion County, Florida since about June 14, 2017, until about May 31, 2018.

## Plaintiff's Work Regularly Involved Interstate Commerce

10. Employees are protected by the FLSA if their work regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers who are "engaged in commerce or in the production of goods for commerce."

11. Plaintiff's work included interstate commerce as she prepared paperwork related appraisals for out of state clients and billed those clients for Defendants; by way of example:

    A.    she regularly prepared appraisal reports for out of state

clients about appraisals done in Florida such as: Detroit, MI; Hattiesburg, MS; Mount Laurel, NJ; Raleigh, NC; Lansing, MI; Gulfport, MS; Houston, TX; Ft. Worth, TX; Greenwood Village, CO; Houston, TX; Middletown, RI; Richmond, VA; Minneapolis, MN; Troy, MI; Plymouth, MI; Houston, TX; Oxford, MA; Birmingham, AL; Detroit, MI; Cleveland, OH; Richmond, VA; Columbia, SC; Birmingham, AL; Hoboken, NJ. Examples of the cover pages of some of those appraisals are attached as composite **Exhibit A**;

B. she regularly made phone calls and otherwise communicated with out of state clients of Defendants, such as banks, in the course of preparing these appraisals. *See* **Exhibit B** (phone records); and

C. she regularly prepared invoices to out of state clients, such as the one attached hereto as **Exhibits C and D** (invoices), for the appraisal work and payment would be made from that out of state client to Defendants' place of business in Florida. *See* e.g. **Exhibit N** (email).

### **Defendant Misclassified Plaintiff as an Independent Contractor**

12. Even though there was no written contract between Plaintiff and Defendants, Defendants misclassified her as an independent

4

contractor, but such designation was improper under the FLSA when all relevant factors are weighed.

Degree of Control

13. The degree of control exercised by Defendants weighs in favor of employment status because:

 a. Plaintiff did not solicit customers or cultivate her own clients; her work was provided to her by Defendants either directly and/or via "ports" or "portals" Defendants belonged to (such as "AppraisalPort" and "Appraisal Logistics"), *See e.g.* **Exhibits E** (part of a text message)**, F** (part of a text message)*,* and **G** (appraisal report cover page).

 b. Defendants had control over Plaintiff's work, such as meeting deadlines; for example, *See e.g.* ***Exhibits J, K,*** and **M** (all parts of text messages); Defendants' office manager would make out calendar entries informing Plaintiff of the due dates of her assignments. *See e.g.* composite **Exhibit Q** (calendar entries).

 c. After completing an appraisal, Plaintiff would send it to Defendant Barfield for his approval and review before it was sent to the clients. *See e.g.* **Exhibits R, S,** and **T** (emails).

 d. Defendant Barfield would also often accompany Plaintiff

5

on visits to appraisal sites, again showing meaningful supervision and monitoring by Defendants.

    e.    Plaintiff was economically dependent on Defendants and only worked for them full time from June 14, 2017, until about May 31, 2018; *See e.g.* **Exhibit I** (correspondence stating that Ms. Batten started her employment subsequent to Defendants' on June 18, 2018);

Relative Investments

14. The relative investments of the alleged Defendants and Plaintiff weigh in favor of employment status because:

    a.    As per its website, Defendants have "offices in Orlando & Ocala, Florida.", "employs the expertise and resources necessary for a quality product delivered efficiently to our clients.", and has multiple employees;

    b.    Other than expenses related mostly to her vehicle, Plaintiff worked mostly from her home and had no advertising expenses, employees, rent or business mortgage, licenses expenses, or wage expenses;

    c.    Plaintiff had no office of her own and instead was supplied with a key to Defendants' office for its use, *See e.g.* **Exhibit L** (photo of keys and files)*;* and after her employment ended Plaintiff was

told not to return. *See e.g.* **Exhibit H** (letter);

      d.      Defendants supplied the Plaintiff with use of their office, the letter of engagements from clients and the property card of the subject property they were appraising. *See e.g.* **Exhibit E** (text message);

      e.      Defendants bought and/or leased the programs they required Plaintiff to use to do her work, such as ClickForms and Apex;

<u>Opportunity for Profit and Loss</u>

15.    The degree to which Plaintiff's opportunity for profit and loss is determined by Defendants weighs in favor of employment status because:

      a.      Plaintiff had no opportunities of her own during the time she worked for Defendants as her work was only from the work Defendants supplied her;

      b.      The prices Defendants charged for its appraisals were not set by Plaintiff for the customers to pay and therefore Plaintiff had no opportunity for additional profit. *See e.g.* **Exhibits C** and **D** (invoices).

      c.      Although Plaintiff set up an LLC of her own called "TANYA BATTEN LLC" on February 7, 2018 (long after starting her work for Defendants), it was solely at the advice of her accountant based

on the manner Defendants were paying her and was not used in any marketing material;

### Skill and Initiative Required

16. The skill and initiative required in performing the job weigh in favor of employment status because:

    a. TODD L. BARFIELD held the necessary Certified General Appraiser's license from the state of Florida (DBPR) to perform much of the work Plaintiff was performing;

    b. Plaintiff was not a registered trainee real estate appraiser, a licensed real estate appraiser, or a certified real estate appraiser. *See* F.S. 475.611;

    c. Plaintiff does not hold any licenses such as an appraiser's license (she applied for a trainee license but was denied) and thus does not on her own have the ability to perform appraisal work that a license would require.

### Permanency of Relationship

17. The permanency of the relationship weighs in favor of employment status because there was no independent contractor agreement between Plaintiff and any of the Defendants; thus, there was no pre-contemplated end date to the relationship.

## Plaintiff's Tasks Were Integral

18. The degree to which Plaintiff's tasks are integral to Defendants' business weighs in favor of employment status because:

    a. Plaintiff was integral to Defendants' business evidenced in part by her substantial amount of work on residential files;

    b. Plaintiff held herself out as working for Defendants, signing emails sent in the course of her work such as:

> Tanya K. Batten
> Barfield & Associates, LLC
> tanya@barfieldassociates.com
> 2800 E. Silver Springs Blvd.
> Suite 206
> Ocala, FL 34470
> 352-572-3125

This was done both by text message and via emails. *See e.g.* **Exhibits O** (text message) **and P** (email);

    c. Plaintiff had an email specific to Defendants' business, namely tanya@barfieldassociates.com. *See Id*;

    d. Defendants' website listed Plaintiff in its Accounting Department as a "Senior Administrator" under the website's "Meet Us" tab on August 1, 2017:



## **RECOVERY OF OVERTIME COMPENSATION**

19. Plaintiff reincorporates and readopts all allegations contained within the above paragraphs.

20. During her employment with Defendants, Plaintiff was paid commissions by Defendant. Some of these payments were even

designated by Defendants as "Commission Expense" (i.e. those made on August 4, 2018 through to September 29, 2017).

21. During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid overtime for the same.

22. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201- 209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within all workweeks.

23. Defendants did not keep track of the hours Plaintiff worked.

24. As a result of Defendants' unlawful acts in refusing to pay Plaintiff overtime for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff suffered damages plus incurring reasonable attorneys' fees and costs.

25. As a result of Defendants' violation of the FLSA, the Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against all Defendants for the payment of all overtime hours, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just

and appropriate.

January 22, 2019

By /s/ Michael Massey
   Michael Massey
   Massey & Duffy, PLLC
   855 E. Univ. Avenue
   Gainesville, Florida 32601
   FBN 153680
   Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on Defendants' counsel via the Court's electronic filing system on this January 22, 2019.

                                        /s/ Michael Massey
                                        Michael Massey
                                        Fla. Bar No. 153680
                                        Massey & Duffy, P LLC
                                        855 E. Univ. Ave.
                                        Gainesville, FL 32601
                                        Phone: 352-374-0877
                                        massey@352law.com