UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TANYA BATTEN,   CASE NO. 5:18-CV-483-OC-PRL

    Plaintiff,

vs.

TODD L. BARFIELD, and
BARFIELD & ASSOCIATES, LLC,

    Defendants.
_____/

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
ATTEND CASE MANAGEMENT CONFERENCE BY PHONE [Doc. 18]

    COMES NOW, the Defendants, TODD L. BARFIELD, individually ("Mr. Barfield"), and BARFIELD & ASSOCIATES, LLC, a Florida limited liability company ("B&A") (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Middle District Local Rule 3.01, and other applicable law, hereby responds to the Motion to Attend Case Management Conference by Phone [Doc. 18] filed by Plaintiff, TANYA BATTEN. In support hereof, Defendants state the following:

    1. On January 29, 2019, Plaintiff filed her Motion to Attend Case Management Conference by Phone certifying therein that "Plaintiff conferred in good faith with counsel for Defendants on January 29, 2018 and they do not consent to the relief requested herein."

2. Despite Plaintiff's Certification to the Court, Plaintiff at no time conferred, in good faith, with Defendants' Counsel on a Motion to Attend Case Management Conference by Phone, nor did the undersigned "not consent to the relief requested…"

3. Middle District Local Rule 3.05, requires counsel to meet for the purposes of preparing and filing a Case Management Report. Had Plaintiff's Counsel actually conferred on this instant Motion with Defendants' Counsel, Plaintiff's Counsel would have learned that Defendants' Counsel's primary concern is complying with the procedural requirements set out in the Middle District Local Rules, and does not object to Plaintiff's Counsel's telephonic appearance if the Local Rules or this Court permit it.

WHEREFORE, Defendants, TODD L. BARFIELD, individually, and BARFIELD & ASSOCIATES, LLC, a Florida limited liability company, respectfully request this Court consider Plaintiff's Counsel's failure to confer on this instant motion despite his certification otherwise, and determine whether Plaintiff's Counsel may appear by telephone for the purposes of preparing a Case Management Report, of which Defendants' Counsel does not oppose if permitted by the Local Rules or this Court, as well as providing any and all further relief this Court deems equitable and just.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **29th day of January, 2019**, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record and any *pro se* parties identified on any attached Service List in the manner specified, either *via* transmission of Notice

of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

<u>Counsel for Plaintiff:</u>
Michael Massey, Esq. (masseylaw@gmail.com)
Massey & Duffy, PLLC
855 E. University Avenue
Gainesville, FL 32601

Respectfully Submitted,

 */s/ Linda G. Pisani*
Linda G. Pisani, Esq.
Fla. Bar No. 0011640
TROW, DOBBINS & PISANI, P.A.
1301 NE 14th Street
Ocala, Florida 34470
Ofc: 352.369.8830
Fax: 352.369.8832
E-mail: eservice@ocalalawfirm.com and
linda@ocalalawfirm.com