UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TANYA BATTEN,   Case No.: 5:18-cv-483-oc-30-PRL

    Plaintiff,

v.

BARFIELD & ASSOCIATES, LLC
and TODD L. BARFIELD,

    Defendants.
_____/

## DEFENDANTS' MOTION TO SEAL

Pursuant to Middle District of Florida Local Rule 1.09(a), Defendants, BARFIELD & ASSOCIATES, LLC and TODD L. BARFIELD ("Defendants") move this Court to seal confidential business records that were attached as exhibits to the Motion to Amend the Complaint and Incorporated Memorandum of Law [Doc. 14] ("Motion") and the First Amended Complaint [Doc. 17] ("Amended Complaint") filed in this instant action.

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal that includes: (1) identification and description of each item proposed for sealing; (2) the reason that filing each item is necessary; (3) the reason that sealing each item is necessary; (4) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) the proposed duration of the seal; and (6) a memorandum of legal authority supporting the seal. M.D. Fla. L. R. 1.09.

As demonstrated below, the Defendants have met each of these requirements and thus, the Court should grant Defendants' request to seal those certain exhibits.

I. **LOCAL RULE 1.09(A), DESCRIPTION OF DOCUMENTS TO BE FILED UNDER SEAL, NECESSITY OF FILING UNDER SEAL, REASON THAT A MEANS OTHER THAN SEALING IS UNAVAILABLE, AND DURATION OF SEAL.**

The specific exhibits Defendants seek to be sealed are as follows:

(a.) Docs. 14-4 and 17-1 – These documents are Defendants' Appraisal Report cover sheets which disclose the confidential business information of Defendants, including the Defendants' clients' names, addresses, and identifying subject property information.

(b.) Docs. 14-6 and 17-3 – These documents are Defendants' invoices for appraisal services which disclose the confidential business information of Defendants, including the Defendants' clients' names, addresses, pricing information, borrowers' names and their identifying subject property information.

(c.) Docs. 14-10 and 17-7 – This document is Defendants' Appraisal Report cover sheet which discloses the confidential business information of Defendants, including the Defendants' client's name, address, and identifying subject property information.

(d.) Docs. 14-16 and 17-13 – This document is electronic communications between Defendants and its client, which discloses the confidential business information of Defendants, including the Defendants' client's names, addresses, borrowers' names and their identifying subject property information.

All of the documents listed above that are attached to Plaintiff's Motion and Amended Complaint contain Defendant's confidential business information about Defendants' clients, the pricing agreements between them, Defendants' clients' borrowers' information, and other

information that would harm Defendants competitively if this information were disclosed to its competitors. Moreover, the confidential business information disclosed in those documents is violative of the terms of various confidentiality agreements between Defendants and Defendants' clients. Plaintiff failing to return Defendants' documents to Defendants following Defendants' demand of September 24, 2018 (attached hereto as **Exhibit "1"**), and instead Plaintiff attaching the documents to the Motion and Amended Complaint, has and will continue to harm Defendants and its relationship with its clients if public access to this information is not prevented. As such, sealing these limited and specific documents is necessary to protect Defendants' confidential business information, that would likely aid Defendants' competitors in knowing the details of Defendants' clients, not to mention the unauthorized disclosure of the information by Plaintiff violates Defendants' covenants of confidentiality with its clients. Redaction of the information on each of the documents could have been an alternative means to sealing the documents; however, the documents have already been filed as exhibits by Plaintiff.

Defendants would propose that the documents listed above should be sealed for the duration of the lawsuit. Upon the conclusion of the lawsuit, Defendants will petition the Court to direct the Clerk of Court to return the copies of the sealed documents to Defendants, as these documents, at all times, belong to Defendants.

II. **MEMORANDUM OF LEGAL AUTHORITY SUPPORTING THE SEAL**

This Court has considerable discretion to seal pleadings – a discretion bounded only by the common law right of judicial access. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978) ("the right to inspect and copy judicial records is not absolute" as "[e]very court has supervisory power over its own records and files."). To be sure, the public has a presumed right to inspect and copy judicial records, such as pleadings. Id. However, that right is only a

presumption, and one that is overcome when the interest in confidentiality outweighs the generalized interest of the public in accessing those records. See Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001).

The "balancing of competing interests" is "[n]ot unlike the Rule 26 standard" governing protective orders. Id. On one side, the court weighs the parties' "interest in keeping the material confidential," and on the other side it weighs the public's interest in obtaining access to it. Id. at 1313. It is reversible error for a district court to unseal judicial records without properly considering these competing interests. Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998).

Courts regularly seal documents to protect confidential business information. Indeed, the Supreme Court has recognized that courts "refuse[] to permit their files to serve as ... sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598. For example, the Second Circuit found that a district court did not err in sealing an entire court file, excepting court opinions and orders, where certain materials were protected from disclosure by a confidentiality provision among the parties. See DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 827 (2d Cir. 1997). The Eleventh Circuit also has found that "[a] party's ... proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2005).

Here, the interest of Defendants in seeking to protect and preserve the confidentiality of its business information outweighs the public's limited interest in having access to it. The information does not concern public officials or public concerns that might be of interest to the general public. Romero, 480 F.3d at 1246. To the contrary, the business information contained in the documents attached to the Motion and the Amended Complaint would be of little value to the general public whereas it is of immense value to Defendants, Defendants' clients, and to Defendants' competitors.

Because the public's interest in the particulars of the documents attached to the Motion and the Amended Complaint is particularly low, and because the harm inherent in making this information available to the public is great, there is good cause for the Court to permit the Docs. 14-4 and 17-1; Docs. 14-6 and 17-3; Docs. 14-10 and 17-7; and Docs. 14-16 and 17-13, be filed under seal.

WHEREFORE, Defendants, BARFIELD & ASSOCIATES, LLC and TODD L. BARFIELD, respectfully request permitting the above described documents that were previously filed by Plaintiff, TANYA BATTEN, to be placed under seal.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants has conferred with counsel for Plaintiff who opposes Defendants' Motion to Seal certain and specific exhibits attached to the Motion and Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record and any *pro se* parties identified on any attached Service List in the manner specified, either *via* transmission of Notice of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Respectfully Submitted,

*/s/ Linda G. Pisani*
Linda G. Pisani, Esq.
Fla. Bar No. 0011640
TROW, DOBBINS & PISANI, P.A.
1301 NE 14th Street
Ocala, Florida 34470
E-mail: linda@ocalalawfirm.com
Ofc: 352.369.8830
Fax: 352.369.8832

From the Office of:
# Todd L Barfield et al
P.O. Box 4338
Ocala, FL 34478
Phone 352.895.8000

September 24, 2018

**VIA EMAIL ONLY**

Mr. John Morales
Ms. Tanya Batten
McCalip & Morales Appraisal Service, Inc.
4 Banyan Drive
Ocala, FL 34472
Phone 352.690.6200

Dear Ms. Batten & Mr. Morales:

This correspondence informs you that pursuant Fla. Statute 475.629, please be advised that you were warned of certain legal consequences concerning file confidentiality as well as the retention of records in accordance with Florida Law. To date, we have not received all of our confidential information. Furthermore, upon information and belief, certain file data has been illegally disseminated by electronic means as well as at the location known as 4 Banyan Drive, Ocala, FL 34472. Consequently, we have been forced to contact the Florida Real Estate Appraisal Board, as a result, to seek advice for compliance in the matter.

    You are hereby put on notice to cease and desist any and all dissemination of confidential information whereas Barfield & Associates, LLC is known or should have been known to be the legal custodian of said information. Please be advised that this letter shall serve as a second notice to return any confidential information immediately via third party such as USPS to the P.O. Box listed above.

    **PLEASE GOVERN YOURSELF ACCORDINGLY.**

Sincerely,

*[signature]*

Todd L. Barfield, MAI, MRICS, CCIM

**Exhibit "1"**