UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TANYA BATTEN,                 Case No.: 5:18-cv-483-oc-30-PRL

    Plaintiff,

v.

BARFIELD & ASSOCIATES, LLC
and TODD L. BARFIELD,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendants, BARFIELD & ASSOCIATES, LLC, a Florida limited liability corporation and TODD L. BARFIELD ("Defendants"), by and through their undersigned counsel, and hereby answer and affirmatively defend the First Amended Complaint ("Amended Complaint") filed by Plaintiff, TANYA BATTEN ("Plaintiff"), as follows:

### ANSWER

1. Defendants admit the allegations asserted in Paragraph 1 of the Amended Complaint that Plaintiff brought an "action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the 'FLSA')," and deny Plaintiff is entitled to any relief and/or damages.

2. Defendants deny the allegations asserted in Paragraph 2 of the Amended Complaint.

3. Defendants admit the allegations asserted in Paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations asserted in Paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations asserted in Paragraph 5 of the Amended Complaint.

6. Defendants deny the allegations asserted in Paragraph 6 of the Amended Complaint.

7. Defendants neither admit nor deny the conclusion of law asserted at Paragraph 7 of the Amended Complaint.

8. Defendants neither admit nor deny the conclusion of law asserted at Paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations asserted in Paragraph 9 of the Amended Complaint.

10. Defendants neither admit nor deny the conclusion of law asserted at Paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations asserted in Paragraph 11 of the Amended Complaint.

   a. Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 11(a) of the Amended Complaint.

   b. Defendants deny the allegations asserted in Paragraph 11(b) of the Amended Complaint.

   c. Defendants deny the allegations asserted in Paragraph 11(c) of the Amended Complaint.

12. Defendants deny the allegations asserted in Paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations asserted in Paragraph 13 of the Amended Complaint.

    a. Defendants deny the allegations asserted in Paragraph 13(a) of the Amended Complaint.

    b. Defendants deny the allegations asserted in Paragraph 13(b) of the Amended Complaint.

    c. Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 13(c) of the Amended Complaint.

    d. Defendants deny the allegations asserted in Paragraph 13(d) of the Amended Complaint.

    e. Defendants deny the allegations asserted in Paragraph 13(e) of the Amended Complaint.

14. Defendants deny the allegations asserted in Paragraph 14 of the Amended Complaint.

    a. Defendants deny the allegations asserted in Paragraph 14(a) of the Amended Complaint.

    b. Defendants are without knowledge and therefore deny the allegations asserted in Paragraph 14(b) of the Amended Complaint.

    c. Defendants admit that Plaintiff had no office at Defendants' office, that she was supplied keys to Defendants' office to pick up files on any work Plaintiff

scheduled for herself, that Plaintiff was provided a Trespass Notice on September 24, 2018, and deny all other allegations asserted in Paragraph 14(c) of the Amended Complaint.

      d.    Defendants deny the allegations asserted in Paragraph 14(d) of the Amended Complaint.

      e.    Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 14(e) of the Amended Complaint.

15.    Defendants deny the allegations asserted in Paragraph 15 of the Amended Complaint.

      a.    Defendants deny the allegations asserted in Paragraph 15(a) of the Amended Complaint, and affirmatively state Plaintiff provided her services to other appraisers or appraisal companies as evidenced in her text messages to Defendants attached hereto as **Exhibit "1."**

      b.    Defendants deny the allegations asserted in Paragraph 15(b) of the Amended Complaint.

      c.    Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 15(c) of the Amended Complaint.

16.    Defendants deny the allegations asserted in Paragraph 16 of the Amended Complaint.

      a.    Defendants admit Defendant Barfield holds the necessary state licenses from the state of Florida and is without knowledge as to the remaining allegations asserted in Paragraph 16(a) of the Amended Complaint.

      b.    Defendants admit the allegations asserted in Paragraph 16(b) of the Amended Complaint.

   c. Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 16(c) of the Amended Complaint.

 17. Defendants deny the allegations asserted in Paragraph 17 of the Amended Complaint.

 18. Defendants deny the allegations asserted in Paragraph 18 of the Amended Complaint.

   a. Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 18(a) of the Amended Complaint.

   b. Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 18(b) of the Amended Complaint.

   c. Defendants admit Plaintiff had an e-mail specific to Defendants' business, but affirmatively state that Plaintiff usually and primarily used her personal G-mail account, i.e. t.batten01@gmail.com, as evidenced in exhibits attached to Plaintiff's Amended Complaint.

   d. Defendants are without knowledge, and therefore deny the allegations asserted in Paragraph 18(d) of the Amended Complaint.

 19. Defendants repeat and reassert their answers to paragraphs 1 through 18 above, including any and all subparts, as if fully set forth herein.

 20. Defendants deny the allegations asserted in Paragraph 20 of the Amended Complaint.

 21. Defendants deny the allegations asserted in Paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations asserted in Paragraph 22 of the Amended Complaint.

23. Defendants admit the allegations asserted in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations asserted in Paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations asserted in Paragraph 25 of the Amended Complaint.

26. Defendants deny any allegations set forth in any WHEREFORE clause of the Amended Complaint, and deny Plaintiff is entitled to any relief requested.

27. Any allegations in the Amended Complaint not specifically admitted or denied above are hereby specifically denied.

WHEREFORE, Defendants, BARFIELD & ASSOCIATES, LLC, a Florida limited liability corporation and TODD L. BARFIELD, demand this Court dismiss, *with prejudice*, the above action.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses. Any allegations raised in the affirmative defenses below are raised strictly for the purpose of defending against this instant action and should not be considered admissions of Defendants as to any factual, legal or other matters. As and for Defendants' affirmative defenses, Defendants assert the following:

## FIRST AFFIRMATIVE DEFENSE

As and for Defendants' First Affirmative Defense, Defendants assert Plaintiff has failed to sufficiently plead or properly state a cause of action upon which relief can be granted. The Plaintiff neither alleges with any specificity any factual allegations to establish the requisite elements of any action against Defendants, nor does Plaintiff set forth ultimate facts to show Plaintiff is entitled to any relief. As such, Plaintiff's claims should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

As and for Defendants' Second Affirmative Defense, Defendants assert that Plaintiff's claims, pursuant to Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), are barred as Plaintiff was, at no time an employee of Defendants, but was retained as an independent contractor for purposes of Plaintiff obtaining appraisal experience to provide to the Florida Real Estate Appraisal Board in order for Plaintiff to obtain an Appraiser Trainee license. As an independent contractor, Plaintiff established her own entity, worked for other appraisal firms, determined and scheduled appraisals with local realtors, local businesses, and local property owners, Plaintiff prepared appraisal reports at her discretion for review by the licensed appraiser, and Plaintiff utilized her own vehicle, mobile phone, computer, printer, electric services, internet services, office supplies, etc., in performing these services to Defendants and the other appraisal firms with whom Plaintiff contracted.

## THIRD AFFIRMATIVE DEFENSE

As and for Defendants' Third Affirmative Defense, Defendants assert that Plaintiff's claims, pursuant to FLSA, are barred as Defendants' business does not have gross revenue of at least $500,000, nor does it have employees engaged in interstate commerce or in the

production of goods for interstate commerce, or the handling, selling or otherwise working on goods or materials that have been moved or produced for interstate commerce.

## FOURTH AFFIRMATIVE DEFENSE

As and for Defendants' Fourth Affirmative Defense, Defendants assert that Plaintiff's claims, pursuant to FLSA, are barred as Plaintiff was not an employee engaged in interstate commerce or in the production of goods for interstate commerce, nor did Plaintiff directly participate in the actual movement of persons or things in interstate commerce by working for an instrumentality of interstate commerce or by regularly using the instrumentalities of interstate commerce in her work, as Plaintiff's work consisted of assisting a licensed appraiser in appraising real property located only in the state of Florida.

## FIFTH AFFIRMATIVE DEFENSE

As and for Defendants' Fifth Affirmative Defense, Defendants at all times material hereto, acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

As and for Defendants' Sixth Affirmative Defense, Defendants at no time, showed reckless disregard for whether its conduct was prohibited by the FLSA.

## SEVENTH AFFIRMATIVE DEFENSE

As and for Defendants' Seventh Affirmative Defense, Defendants invoke any and all defenses, protections and limitations of the FLSA.

EIGHTH AFFIRMATIVE DEFENSE

As and for Defendants' Eighth Affirmative Defense, Defendants assert Plaintiff's claims are barred, to the extent she seeks recovery for time that is not compensable in accordance with FLSA.

NINTH AFFIRMATIVE DEFENSE

As and for Defendants' Ninth Affirmative Defense, Defendants are entitled to offset monies or other consideration stolen, paid, or provided to Plaintiff of which she was not entitled, or for periods in which Plaintiff was not engaged in work at Defendants.

TENTH AFFIRMATIVE DEFENSE

As and for Defendants' Tenth Affirmative Defense, Defendants assert that Plaintiff is not entitled to liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to any liquidated damages claims or liability.

ELEVENTH AFFIRMATIVE DEFENSE

As and for Defendants' Eleventh Affirmative Defense, Defendants assert, without shifting the burden of proof, that Plaintiff was compensated as an independent contractor in accordance with the applicable laws governing Florida Real Estate Appraisers, as well as other applicable Florida law, for all hours worked.

TWELFTH AFFIRMATIVE DEFENSE

As and for Defendants' Twelfth Affirmative Defense, Defendants assert that Plaintiff's claims are estopped by the submission of her own records, for which Defendants compensated Plaintiff for all appraisal jobs in which she assisted and claimed in her records.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for Defendants' Thirteenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for Defendants' Fourteenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of waiver, estoppel and/or laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for Defendants' Fifteenth Affirmative Defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, by accord and satisfaction, settlement and/or payment and release.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for Defendants' Sixteenth Affirmative Defense, Defendants' actions were in good faith conformity with and/or on reliance upon administrative regulations, orders, rulings, approvals, interpretations or practices of the Federal Department of Labor and the Florida Department of Economic Opportunity.

### RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

The facts having not been fully developed by pleadings, Defendants reserve the right to supplement these defenses with any additional affirmative defenses that may be applicable following discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>12th day of February, 2019</u>, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record and any *pro se* parties identified on any attached Service List in the manner specified, either *via* transmission of Notice of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Respectfully Submitted,

<u>/s/ Linda G. Pisani</u>
Linda G. Pisani, Esq.
Fla. Bar No. 0011640
TROW, DOBBINS & PISANI, P.A.
1301 NE 14th Street
Ocala, Florida 34470
E-mail: linda@ocalalawfirm.com
Ofc: 352.369.8830
Fax: 352.369.8832



**Exhibit "1"**

✈︎     7:14 AM     ✓ 100% ▇

**New iMessage**          Cancel

To: Tanya

> OK sounds good do you want me to make the adjustments here at home and then just email it back to you

> > Yes please

> OK give me some time I had to take my son for his well check up

Jun 23, 2017, 10:30 AM

> Sent the revised report over so check your Gmail and also left a message for the Belleview property I'll let you know when she calls back
>
> Summerfield I should say
>
> 3309 NE 23rd is today at 6
>
> I'm on inspection with John right now
>
> I have 1 more with him than I'll be heading to our 3:00, looks like we'll be working hard all weekend... there were like 4 in there I didn't have 😀😀


