UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TANYA BATTEN,**

    **Plaintiff,**

v.                                                       Case No: 5:18-cv-483-Oc-PRL

**TODD L. BARFIELD and BARFIELD &
ASSOCIATES, LLC**

    **Defendants.**

## ORDER

This matter is before the Court on Defendants' motion to seal. (Doc. 26). Plaintiff filed a response in opposition (Doc. 29) and the Court heard argument on the motion at the hearing on February 22, 2019.

On January 16, 2019, Ms. Pisani, on behalf of Defendants, served a motion for Rule 11 sanctions on Plaintiff and her counsel for filing a frivolous complaint. (Doc. 14-2). Specifically, Defendants took issue with allegations regarding Plaintiff's employment status and whether there was individual and enterprise coverage under the FLSA. In response to this motion, Plaintiff sought leave to file a more detailed amended complaint to which she attached documents that she believed supported her FLSA claims. (Doc. 14). Defendants did not oppose the motion. In fact, Defendants filed a notice advising that the motion was unnecessary as Defendants had already provided written consent. (Doc. 15). Now, despite consenting to the filing of the amended complaint (and the additional exhibits), Defendants request that the Court seal some purportedly confidential documents that were attached to Plaintiff's motion to amend and to the amended complaint. (Docs. 14-4, 14-6, 14-10, 14-16, 17-1, 17-3, 17-7, 17-13).

The filing of documents under seal is disfavored by the Court, because as the Eleventh Circuit has explained, "'[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common law right of access may be overcome by a showing of good cause. *Romero*, 480 F.3d at 1246.

Here, Defendants have failed to show the requisite good cause. Indeed, on their face, these documents, which include appraisal report cover sheets, appraisal invoices, and one email, fail to disclose confidential information sufficient to overcome this Court's strong preference in favor of access. And, Defendants unsupported assertion—raised for the first time at the hearing—that the filing of these documents runs afoul of the Gramm-Leach-Bliley Act is unavailing.

Accordingly, Defendants' motion to seal (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on February 25, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties