**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**TANYA BATTEN,**

    **Plaintiff,**

v.                                                      Case No: 5:18-cv-483-Oc-PRL

**TODD L. BARFIELD and BARFIELD &**
**ASSOCIATES, LLC**

    **Defendants.**

## ORDER

On September 17, 2018, Plaintiff filed this FLSA action against Defendants alleging that she was not paid overtime wages for work she performed at Barfield & Associates, LLC. (Doc. 1). On January 29, 2019, Plaintiff filed an amended complaint. (Doc. 17). On February 1, 2019, Defendant Todd Barfield filed suit in state court against Plaintiff and her current employer alleging claims for (1) tortious interference with a business relationship; (2) tortious interference with a contractual relationship; and (3) civil conspiracy. (Doc. 23-1). Plaintiff has now filed the instant motion asking this Court to enjoin the state court lawsuit because it was filed in retaliation for her FLSA claim. (Doc. 23).

Courts have found that filing a lawsuit may be a prohibited form of retaliation, if (1) the suit was filed with retaliatory motive, and (2) it lacks a reasonable basis in fact or law. *See e.g., Martinez v. Deaf County Grain Processors, Inc.,* 583 F. Supp. 1200, 1209-10 (N.D. Texas March 1, 1984) (*citing Bill Johnson's Restaurants v. NLRB*, 103 S.Ct. 2161, 2173 (1983)). And at least one court has enjoined a state lawsuit that was deemed to be brought in violation of the FLSA's

anti-retaliation provision, 29 U.S.C. § 215(a)(3).¹ *See Martinez,* 583 F. Supp. at 1209.

However, in the cases that have taken up the issue of whether the filing of a lawsuit was retaliatory, a claim for retaliation has been plead. *See e.g., Munroe v. Partsbase, Inc*., No. 08-80431-CIV, 2009 WL 413721, at *6 (S.D. Fla. Feb. 18, 2009) (granting summary judgment on Plaintiff's claim for FLSA anti-retaliation based on defendant's filing of counterclaims); *Martinez*, 583 F. Supp. 1200 (following bench trial, finding that defendants violated anti-retaliation provisions of the FLSA and enjoining parties from taking any action to enforce or secure any benefits of state court judgment); *EEOC v. Virginia Carolina Veneer Corp.,* 495 F.Supp. 775 (W.D. Va. 1980) (granting summary judgment on retaliation claim and ordering defendant "to take a nonsuit of its state defamation action"); *see also, Saavedra v. Richard*, No. H-10-0856, 2011 WL 864972 (S.D. Texas March 3, 2011) (granting motion to amend in FLSA case to add a retaliation claim, alleging that defendants filed a retaliatory state court action). To the extent Plaintiff has a good faith basis to assert a claim against Defendant Barfield for retaliation in violation of the FLSA's anti-retaliation provision, she should seek leave to amend her complaint. Accordingly, Plaintiff's motion (Doc. 23) is due to be DENIED.

**DONE** and **ORDERED** in Ocala, Florida on February 26, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

c: Counsel of Record
Unrepresented Parties

---

¹ Section 215(a)(3) provides that it shall be unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."