UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**TANYA BATTEN,**

    **Plaintiff,**

v.                                                                              Case No: 5:18-cv-483-Oc-PRL

**TODD L. BARFIELD and BARFIELD &
ASSOCIATES, LLC,**

    **Defendants.**

## ORDER

Defendant Todd Barfield is the owner and operator of Defendant Barfield & Associates, LLC, a company in Ocala, Florida that conducts residential and commercial appraisals. For approximately eleven months, from June 2017 through May 31, 2018, Plaintiff Tanya Batten prepared residential appraisal reports for Defendants. Her work included going to the appraisal property, taking photographs, measuring, and identifying real estate comparables. Plaintiff filed this action on September 17, 2018, seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. 1), claiming that she was improperly classified as an independent contractor.

Currently before the Court is Plaintiff's motion for summary judgment (Doc. 44) and Defendants' response in opposition. (Doc. 45). As discussed below, the motion for summary judgment is due to be denied because material issues of fact remain as to whether Plaintiff has individual coverage under the FLSA and whether she was properly classified as an independent contractor.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the Court reviews "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008). The Court considers the "evidence and reasonable factual inferences drawn therefrom in a light most favorable to the non-moving party." *Id.* The moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant is successful on this score, the non-moving party must then come forward with sufficient evidence to establish the existence of the elements on which she will bear the burden of proof at trial. *Id.* at 322-23. The non-moving party may not simply rest on the pleadings, but must use evidence such as affidavits, depositions, answers to interrogatories, or admissions on file to show that there is a genuine issue of material fact that remains for trial. *Id.* at 324.

## II. DISCUSSION

### A. FLSA Individual Coverage

Plaintiff seeks summary judgment on the issue of whether she is covered by the FLSA as an individual because her work regularly involved interstate commerce. For individual coverage to apply under the FLSA, Plaintiff must prove that she was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Svcs., Inc.*, 448 F.3d 1264 (11th Cir.2006) (citing 29 U.S.C. § 207(a)(1)). In the Eleventh Circuit, for an employee to be "engaged in commerce," she "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the

instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne,* 448 F.3d at 1266.

Here, Plaintiff contends that she regularly prepared appraisal reports for out of state clients for appraisals conducted in Florida; regularly made phone calls and otherwise communicated with out of state clients in the course of preparing appraisals; regularly prepared invoices for out of state clients; and regularly used the internet.

Although Defendants did not specifically address this issue in response to the motion for summary judgment, they offered evidence challenging Plaintiff's individual coverage. First, Defendants note that of the approximately 1,225 phone calls made by Plaintiff, only 84 were out of state (Doc. 45-3, T. Barfield Declaration at ¶18), thus raising questions about how "regular" her out of state contacts were. Indeed, while Plaintiff offered evidence of twenty-three out of state appraisal reports (see Doc. 44-1), that appears to be a very small percentage of the alleged "substantial amount of work" she performed on residential files." (Doc. 1 at ¶13d). Defendant also offered evidence that invoices were self-populated by software and were not created by Plaintiff. (T. Barfield Declaration at ¶17).

Because genuine disputes of material fact exist, summary judgment is due to be denied as to whether Plaintiff is individually covered.

### B. Employee vs. Independent Contractor Status

The requirements of the FLSA apply only to employees. An "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). In turn, the FLSA defines "to employ" as "to suffer or permit to work," 29 U.S.C. § 203(g), and an "employer" as "any person acting ... in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

To determine whether an individual is a covered "employee" or exempted "independent contractor," courts look to the "economic reality" of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence. *Scantland v. Jeffry Knight, Inc.,* 721 F.3d 1308, 1311 (11th Cir. 2013). The Eleventh Circuit established the following six-factor test to guide the "economic reality" inquiry:

> (1) the nature and degree of the alleged employer's control as to the manner the work is to be performed;
>
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
>
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
>
> (4) whether the service rendered requires a special skill;
>
> (5) the degree of permanency and duration of the working relationship;
>
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Id.* at 1311-12; *Freund v. Hi-Tech Satellite, Inc.*, 185 Fed. Appx. 782, 782 (11th Cir. 2006). These factors are used because they are "indicators of economic dependence . . . . [T]he weight of each factor depends on the light it sheds on the [alleged employee's] dependence (or lack thereof) on the alleged employer, which in turn depends on the facts of the case." *Antenor v. D&S Farms,* 88 F.3d 925, 931–32 (citing *Aimable,* 20 F.3d at 439–40).

Although the determination of employment status under the FLSA is a question of law, summary judgment is not warranted if questions of material fact remain as to the plaintiff's economic dependence. See *Arias v. Alphine Towing, Inc.*, No. 10–CV–20434–PCH, 2011 WL 11073004, at *9 (S.D. Fla. Feb. 8, 2011) (finding that economic dependence was not sufficiently developed on the record to support entry of summary judgment).

Here, Plaintiff points to the following facts to support her claim that she was economically dependent on Defendants, and thus, an employee:

- She did not solicit or cultivate her own clients; rather, her work was provided to her by Defendants either directly or via online portals. (Doc. 44-5, 44-6; (Doc. 44-21, Plaintiff's Response to Defendants' Interrogatory 2).

- The deadlines for appraisals were put on the calendar by Defendants' office manager. (Doc. 44-21, Plaintiff's Response to Defendants' Interrogatory 2).

- Plaintiff would send her appraisal reports to Defendant Barfield for his approval before they were sent to clients. (Doc. 44-21, Plaintiff's Response to Defendants' Interrogatory 2).

- Barfield would often accompany Plaintiff on visits to appraisal sites. (Doc. 45-2, Tanya Batten Deposition Transcript at 13-14).

- Defendants supplied Plaintiff with use of their office, email address, copy paper, file folders, the letter of engagements from clients and the property card of the subject property they were appraising; and Defendants bought and/or leased the programs they required Plaintiff to use to do her work, such as ClickForms and Apex. (Doc. 44-21, Plaintiff's Response to Defendants' Interrogatory 2).

- Plaintiff worked for Morales as courtesy for two-week period after giving notice, but then worked exclusively for Defendants until May 31, 2018. (Batten Deposition at 40-41).

- Plaintiff does not hold any licenses and was not a registered trainee real estate appraiser, a licensed real estate appraiser, or a certified real estate appraiser. (Doc. 44-21, Plaintiff's responses to Defendants' Interrogatory 2, 13).

Defendants, however, point to other evidence to support its position that Plaintiff was not economically dependent, and thus was properly classified as an independent contractor:

- Plaintiff set her own hours. (Batten Deposition at p. 13, 15; Doc. 45-4, Declaration of Christina Spradley at ¶7).

- While Plaintiff had access to the office and a computer, she primarily worked from home and used her own computer, cell phone, and vehicle. She was never reimbursed for her expenses and she wrote them off on her income tax return. (Batten Deposition at 22, 35).

- Plaintiff set appointment times for appraisal site visits and submitted the times to Defendants' office manager to input on the office calendar. (Spradley Declaration at ¶9).

- While working for Defendants, Plaintiff provided services to another real estate company. (Batten Deposition at 36-38). That company provided Plaintiff access to their MLS account—access that she used to pull comps for appraisal reports for Barfield. (Doc. 45-3, Todd Barfield Declaration at ¶¶9-10; Batten Deposition at 36).

- In preparing appraisal reports, Plaintiff's work included going to the appraisal site, photographing, measuring, and pulling comps. (Batten Deposition at 10, 29-30). She did not render the final opinion of value. (Barfield Declaration at ¶14).

- Plaintiff was not the only person helping Barfield with appraisal reports. At times, Melissa Moore and Christina Spradley were working in a similar capacity. (Spradley Declaration at ¶6; Doc. 44-6 at 1; Batten Deposition at 31, lines 18-22).

- Plaintiff formed Tanya Batten, LLC in February 2018 at the recommendation of her accountant. (Batten Deposition at 18).

Viewing this evidence in the light most favorable to Defendants, the Court finds that there are genuine disputes of material fact as to Plaintiff's economic dependence on Defendants. A reasonable jury could find that Plaintiff controlled her own work and invested in tax deductible business items, which could support a conclusion that Plaintiff was in business for herself. Alternatively, a reasonable jury could find that Plaintiff was primarily dependent upon employment in Defendants' business. Because the question of economic dependence cannot be resolved at this stage, summary judgment is due to be denied on the issue of whether Plaintiff was an employee or independent contractor.

### C. Damages

Because there are disputed issues of fact as to whether Plaintiff was individually covered by the FLSA and whether she was properly classified as an independent contractor, it is premature to address damages and liquidated damages.

### III. Conclusion

Accordingly, Plaintiff's motion for summary judgment (Doc. 44) is due to be denied.

**DONE** and **ORDERED** in Ocala, Florida on November 26, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties